COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX COUNTY*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)


EXHIBIT A

Barry Carter vs. S Khan

CL-2015-0004363

TO:   S Khan
      Fairfax County Police
      4100 Chain Bridge Road
      Fairfax VA 22030

### SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on April 6, 2015.

JOHN T. FREY, CLERK

By: *[signature]*
    Deputy Clerk

Plaintiff's Attorney:   Don F Rosendorf



VIRGINIA

## IN THE FAIRFAX COUNTY GENERAL CIRCUIT COURT

BARRY CARTER
7155 Lee Highway
Falls Church, Virginia 22046

v.

OFFICER S. KHAN
Fairfax County Police
4100 Chain Bridge Road
Fairfax, Virginia 22030

2015-04363

## COMPLAINT

Plaintiff Barry Carter (Carter) brings this Complaint against the Defendant and says as follows:

### INTRODUCTION

This case arises out of the unlawful conduct of the Defendant Officer S. Khan (Khan) in seizing Carter without probable cause, using excessive force in shooting Carter twice with his taser/stun gun when Carter was not acting in a threatening fashion, arresting Carter and imprisoning Carter without probable cause, and falsely and maliciously charging Carter with crimes he did not commit.

### FACTS

1.  Plaintiff Carter is a resident of Virginia and was a resident of Fairfax County at all times relevant to this Complaint.

1

2. Defendant Khan, based on information and belief, is a member of the Fairfax County Police Department and was, at all times relevant to this Complaint, a member of the City of Falls Church, Virginia Police Department and was, at all times relevant to this action, a member of the Falls Church Police Department acting under color of law. .

3. On the evening of February 8, 2014, Carter was driving his truck to his residence at the Budget Inn, 7155 Lee Highway, Falls Church, Virginia.

4. He was followed into the motel parking lot by officer Khan with his cruiser lights flashing.

5. Carter asked officer Khan, who was standing by the cruiser door, why he was being stopped.

6. Khan replied that Carter's tail light was not working.

7. The light Khan was referring to is actually a third brake light housed between the two rear rights.

8. Carter reminded officer Khan that he had stopped him on two occasions some months before, allegedly for the same reason.

9. The first time was in August, 2013, when Defendant Khan arrested Carter on a charge of driving while his permit was suspended and also ticketed him for a defective tail light.

10. When Carter appeared in court, the charges were dismissed

Case 1:15-cv-00572-JCC-JFA   Document 1-1   Filed 04/30/15   Page 4 of 10 PageID# 7

11. On the second occasion Khan stopped Carter, in approximately November of 2014, Khan again told Carter he was being stopped for a defective tail light, but after going back to his cruiser he informed Carter that his 1989 Ford truck was exempt from the infraction.

12. Based on his past history with officer Khan, February 8, 2014 was the third time Carter had been stopped by officer Khan for meritless reasons.

13. Carter reminded officer Khan that there was no issue with the tail light and asked Khan again why he had been stopped.

14. Khan told him to get back in the truck.

15. Carter asked Khan again why he had been stopped and why Khan was harassing him.

16. Khan again told him again to get back in the truck.

17. Carter told Khan that what he was doing was illegal and that Khan had no jurisdiction since technically that side of Lee Highway was considered to be Fairfax while the other side of the road was considered to be Falls Church.

18. Carter told Khan he was going to call the Fairfax police and Khan stated that Carter was under arrest.

19. As he turned to get back in his truck to call the Fairfax Police, Khan shot Carter twice with his taser, once in his lower back and once in the buttocks.

3

20. Carter's body began to shake uncontrollably and then he fell to the ground whereupon he was handcuffed behind his back by Khan.

21. It was a freezing February night and Khan let Carter lay on the cold ground handcuffed behind his back for almost an hour before putting him in his cruiser.

22. Paramedics came to the scene and one of them removed the taser dart from Carter's back.

23. Officer Khan then transported Carter to the jail and he was released at approximately 4:00 a.m. on personal recognizance, having been in custody for approximately four and a half hours.

24. Khan charged Carter with resisting arrest, obstruction of justice, cracked windshield, and not having an inspection sticker displayed.

25. When Carter appeared in court all charges against him were dismissed.

### COUNT I
(False Arrest and False Imprisonment)

26. The allegations contained in paragraphs 1-25 of the Complaint are re-alleged and incorporated by reference herein.

27. Khan arrested Carter without probable cause to do so and deprived Carter of his liberty even though Carter had committed no crime.

28. Carter neither obstructed justice nor resisted arrest and the arrest was without probable cause, and without a warrant, and was therefore illegal.

29. Khan never told Carter the reason for the arrest but simply shot Carter in the back with his taser.

30. Carter never refused to submit to arrest.

31. Khan's actions in falsely and knowingly charging Carter without probable cause to do so and arresting Carter and depriving him of his freedom when he knew there was no legal basis or doing so amounts to willful and knowing disregard for the rights and wellbeing of Carter that is gross in nature and shocking to the conscience .

WHEREFORE, Defendant Khan is liable to Plaintiff Barry Carter in the amount of $200,000.00 in compensatory damages and $100,000.00 in punitive damages plus costs and reasonable attorney's fees.

## COUNT II
(Excessive Force)

32. The allegations contained in paragraphs 1-31 of the Complaint are re-alleged and incorporated by reference herein.

33. Carter was unarmed and never posed any physical threat to officer Khan.

34. As Carter turned and was in the process of getting back in his truck, he was shot with a taser gun twice in his side and back which caused him to begin to shake and fall to the ground.

35. One of the darts embedded in Mr. Carter's flesh and had to be removed by EMT personnel.

36. Khan left Carter laying on the ground handcuffed behind his back and without a jacket on a cold February night before finally placing him in his police car.

WHEREFORE, Defendant Khan is liable to Plaintiff Barry Carter in the amount of $200,000.00 in compensatory damages and $100,000.00 in punitive damages plus costs and reasonable attorney's fees.

## COUNT III
(Malicious Prosecution)

37. The allegations contained in paragraphs 1-36 of the Complaint are re-alleged and incorporated by reference herein.

38. Officer Khan falsely charged Mr. Carter with the criminal offenses of Resisting Arrest and Obstruction of Justice knowing that Mr. Carter had committed no criminal offense.

39. The arrest of Mr. Carter and the criminal charges brought against him were done by officer Khan with malicious intent in retaliation for questioning officer Khan's authority.

40. The criminal charges lodged by officer Khan against Mr. Carter were dismissed.

WHEREFORE, Defendant Khan is liable to Plaintiff Barry Carter in the amount of $200,000.00 in compensatory damages and $100,000.00 in punitive damages plus costs and reasonable attorney's fees.

### COUNT IV
(Intentional Infliction of Emotional Distress)

41. The allegations contained in paragraphs 1-40 of the Complaint are re-alleged and incorporated by reference herein.

42. Officer Khan knew that his actions in arresting Mr. Carter who had committed no criminal offense, depriving him of his liberty knowing Mr. Carter was innocent, bringing criminal charges against Carter that could lead to criminal convictions and jail time would cause Carter severe emotional distress.

43. Officer Khan's actions in falsely charging Mr. Carter with criminal offenses intentional and reckless, outrageous and intolerable, caused Mr. Carter severe emotional distress.

WHEREFORE, Defendant Khan is liable to Plaintiff Barry Carter in the amount of $200,000.00 in compensatory damages and $100,000.00 in punitive damages plus costs and reasonable attorney's fees.

### COUNT V
(Civil Rights 42 U.S.C. 1983 Unreasonable Seizure)

7

44. The allegations contained in paragraphs 1-43 of the Complaint are re-alleged and incorporated by reference herein.

45. Carter had committed no crime and posed no physical threat to officer Khan, and was not then, or at any time, resisting at the time officer Khan shot him with his taser.

46. In so doing, officer Khan used excessive force, causing Carter to feel as though a severe electric shock had gone through him, causing him to shake and fall to the ground.

47. Officer Khan had no warrant to arrest Carter, and Carter committed no crime in the presence of officer Khan.

48. At the time of the false arrest and assault and battery by officer Khan upon Mr. Carter, officer Khan was acting under color of law.

49. At the time officer Khan falsely accused Carter of "Obstructing Justice" and Resisting Arrest he was acting under color of law.

50. The actions of officer Khan of shooting Carter with his taser which knocked him to the ground, handcuffing him, arresting him on false charges without a warrant and without probable cause, and making him lay on the ground without his jacket on a cold February night before placed in Khan's cruiser were violations of Carter's Fourth Amendment rights, were objectively unreasonable, and were shocking to the conscience and outrageous.

51. At all times relevant to the events set forth in this Complaint, Defendant Khan was acting under color of law as an agent and employee of the City of Falls Church, Virginia and its police department.

WHEREFORE, Defendant Khan is liable to Mr. Carter in the amount of $200,000 in compensatory damages, and $100,000 in punitive damages, plus costs and reasonable attorney's fees for violation of Carter's Fourth Amendment rights as alleged in this Count.

Respectfully submitted,

*[signature]*
Donald F. Rosendorf (VSB 17683)
1513 King Street
Alexandria, VA 22314
703-838-7770
703-548-9756 (fax)
Counsel for Plaintiff